UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

M. DIANE KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, acting in her official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company,

        Plaintiff,

  v.

W.C.A. SERVICE CORPORATION, INC. d/b/a WESTERN CAR WASH INSURANCE AGENCY, and XYZ CORPS. 1-10 and DOES 1-10, inclusive,

        Defendants.

NO. CIV. S-05-01487 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff M. Dianne Koken's ("Koken") motion for partial summary judgment and defendant W.C.A. Service Corporation, Inc.'s ("WCA") motion for summary judgment or, in the alternative summary adjudication of

the claims.  On October 27, 2006, the court heard oral argument on the matter.  For the reasons set forth below, defendant's motion is GRANTED.

### BACKGROUND[1]

Plaintiff Koken is the Statutory Liquidator of Legion Insurance Company ("Legion") pursuant to the Pennsylvania Insurance Department Act and the liquidation order of the Commonwealth Court of Pennsylvania, dated July 25, 2003.  (RUF ¶ 1).  Plaintiff is authorized to pursue all claims belonging to Legion, for the benefit of policyholders, creditors, and the estate of Legion.  (RUF ¶ 1).  Defendant WCA, a corporation organized under the laws of California, is an insurance producer. (RUF ¶¶ 2-3).

On March 28, 2002, the Commonwealth Court of Pennsylvania issued an Order placing Legion in rehabilitation and appointing plaintiff Koken as Rehabilitator.  On August 9, 2002, plaintiff filed a petition for liquidation of Legion.  (RUF ¶ 10).  On July 25, 2003, the Commonwealth Court of Pennsylvania granted plaintiff's petition and entered an order terminating the March 28 Rehabilitation Order and placing Legion in liquidation with plaintiff Koken named as Liquidator.  (RUF ¶ 10; Ex. B to Compl.).  The Liquidation Order directs the Liquidator to "take possession of all assets that are the property of Legion."  (RUF ¶ 11).  In this action, plaintiff "seeks recovery of premiums and

---

[1] Unless otherwise noted, the facts herein are undisputed.  (See Def.'s Separate Stmt. of Undisp. Material Facts in Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("DUF"), filed Oct. 20, 2006; Resp. To Pl.'s Stmt. of Undisp. Material Facts ("RUF"), filed Oct. 13, 2006).

2

other sums belonging and due to Legion . . ., which defendant[] [WCA] owe[s] to Legion." (Compl. ¶ 1).

WCA entered into a Brokerage Agreement with Legion, effective September 10, 1994, which, *inter alia*, provides that WCA "will remit to Legion all premiums, whether collected or not" and that "[b]alances due must be paid within thirty (30) days of receipt of audit." (Ex. A to Compl., filed July 22, 2005, at 1-2).[2] All unpaid premiums that plaintiff seeks to collect from WCA were due and owing to Legion before July 21, 2001. (DUF ¶ 1). After Legion completed its remaining audits on policies between December 1, 2000, and July 21, 2001, WCA, through its agents, attempted to collect unpaid premiums from policy holders. (DUF ¶ 2). However, WCA was unsuccessful in its efforts to collect from policyholders some of the premiums that were outstanding. (DUF ¶ 3). Legion did not seek to enforce the provision of the Brokerage Agreement requiring that all premiums owed must be paid within thirty days of receipt of a final audit statement. (DUF ¶ 4). Subsequently, Legion and WCA agreed through their representatives that Legion would accept responsibility for collection efforts on insurance policies with outstanding unpaid premiums, a practice referred to in the insurance industry as "direct collections." (DUF ¶ 5). When Legion agreed to accept a policy into direct collections, WCA

---

[2] The copy of the Brokerage Agreement attached to the Complaint is unsigned, and WCA asserts that it has been unable to locate a signed copy of the Brokerage Agreement. However, for the purposes of this motion, WCA does not dispute that it entered into the Brokerage Agreement. (Def.'s Mem. of P.&A. in Supp. of Mot. for Summ. J. ("Def.'s Mot."), filed Sept. 26, 2006, at 2 n.9).

3

ceased its own collection efforts.  (DUF ¶ 5).  Legion and WCA both understood that when Legion accepted a policy for direct collections, WCA was no longer entitled to any additional commission on that policy.  (DUF ¶ 8).

At issue in this case are the premiums for the policies which Legion accepted into direct collections.  Plaintiff asserts that under the Brokerage Agreement, WCA is obligated to make payments to Legion, even where the policyholder failed to pay the premium owed.  WCA asserts that it is not obligated to make any premium payments because Legion and WCA modified the Brokerage Agreement through their course of conduct, such that WCA was relieved of any obligation it had for outstanding unpaid premiums on any policies taken into direct collection by Legion.

On July 22, 2005, plaintiff filed a complaint in this court, alleging (1) breach of contract; (2) breach of fiduciary duty; (3) negligence; and (4) demand for accounting.  On September 26, 2006, defendant filed a motion for summary judgment.  Defendant asserts that (1) plaintiff's claims are barred by the statute of limitations; (2) plaintiff's breach of contract claim is without merit because Legion and WCA modified the Brokerage Agreement to relieve WCA of obligations relating to policies taken into direct collection; and (3) plaintiff's tort claims and demand for an accounting are without merit.  On September 28, 2006, plaintiff filed a motion for partial summary judgment on her claim for breach of contract.

**STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

> Under summary judgment practice, the moving party [A]lways bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> at 324. Indeed, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id.</u> at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 288-289 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the

denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Id. at 251-52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 289.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

**ANALYSIS**

Defendant asserts that plaintiff's claims are barred under California's statutes of limitations.  These statutes provide that causes of action for breach of a written contract and for an accounting must be commenced within four years of the claim having accrued and that claims for breach of fiduciary duty and negligence must be commenced within two years of the claim having accrued.  See Cal. Code Civ. Proc. §§ 337, 339, 343 (West 2006).

6

It is undisputed that all unpaid premiums that plaintiff seeks to collect from defendant were due and owing to Legion before July 21, 2001.  (DUF ¶ 1).  This action was filed on July 22, 2005.

Plaintiff Koken does not dispute that her claims are barred if the court applies California's statutes of limitations. Rather, plaintiff asserts that the Pennsylvania Liquidation Tolling Statute, not California's statute of limitations for breach of contract, should apply.[3]  This tolling statute provides:

> [A statutory] liquidator may, upon or after an order for liquidation, within two years or such additional time as applicable law may permit, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which such order is entered.

40 Pa. Cons. Stat. § 221.26(b) (West 2006).  In this case, plaintiff filed the petition for liquidation on August 29, 2002, and the Commonwealth Court of Pennsylvania entered an Order declaring Legion insolvent and appointing plaintiff as Liquidator.  Therefore, plaintiff asserts that under the Pennsylvania Liquidation Tolling Statute, she is able to recover on any policies for which the statute of limitations had not run as of August 29, 2002; she contends that this includes most, if not all, of the policies at issue in this case.  (Pl.'s Mem. of P.&.A. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), filed Oct. 13, 2006, 15).

---

[3] Plaintiff does not address defendant's assertion that her tort claims for breach of fiduciary duty and negligence are barred by the statute of limitations.  However, the court applies the same analysis to these claims.

7

Because plaintiff's claims were brought in a district court within California, the court must apply the statue of limitations that would be applied in California state court. <u>Deutsch v. Turner Corp.</u>, 324 F.3d 692, 716 (9th Cir. 2003). Under "traditional" choice of law theory, statutes of limitation are procedural and are governed by the forum law. <u>Ashland Chem. Co. v. Provence</u>, 129 Cal. App. 3d 790, 793 (1982). However, in <u>Reich v. Purcell</u>, the California Supreme Court abandoned the "traditional" approach to choice of law issues and adopted the "government interest" approach. 67 Cal. 2d 551 (1967). Under this approach, the court "must first consider whether the two states' laws actually differ." <u>Arno v. Club Med Inc.</u>, 22 F.3d 1464, 1467 (9th Cir. 1994). If so, the court "must examine each state's interest in applying its law to determine whether there is a "true conflict." <u>Id.</u> "A state will have an interest in having its law applied if the policies underlying the law would be thereby advanced." <u>Ashland</u>, 129 Cal. App. 3d at 794. If each state has a legitimate interest, the court must then "compare the impairment to each jurisdiction under the other's rule of law." <u>Arno</u>, 22 F.3d at 1467.

The Ninth Circuit has noted that "[w]here the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law, and especially so where California's statute would bar a claim." <u>Deutsch</u>, 324 F.3d at 716-17 (citations omitted). The court explained that

> California's interest in applying its own law is strongest when its statute of limitations is shorter than that of the forum state, because a "state has a

>     substantial interest in preventing the prosecution in
>     its courts of claims which it deems to be 'stale.'
>     Hence, subject to rare exceptions, the forum will
>     dismiss a claim that is barred by its statute of
>     limitations."

Id. at 717 (quoting Restatement (Second) of Conflict of Laws § 142, cmt. f (1988)).

In this case, both parties agree that California law and Pennsylvania law differ.  While both California and Pennsylvania law provide for a four year statute of limitations for breach of contract claims,[4] Pennsylvania law grants a statutory liquidator two years from the entry of a Liquidation Order to bring a cause of action.  40 Pa. Cons. Stat. § 221.26(b).  Therefore, if California law applies, plaintiff's claims are stale, but if Pennsylvania law applies, her claims are timely.

Plaintiff asserts that Pennsylvania has an interest in having its statute of limitations apply to this action.[5]  Plaintiff argues that Pennsylvania's tolling state was enacted "to ensure the orderly and equitable administration of a defunct insurance company's assets" and "so that the statutory liquidator could avoid the immense administrative costs and uncertainty that would exist if it needed to continually monitor each policy based upon a state-specific statute of limitations."  (Pl.'s Opp'n at 16).  Therefore, she argues that application of the Pennsylvania tolling statute would help protect Pennsylvania's liquidation

---

[4]   See 42 Pa. Cons. Stat. § 5525 (West 2006).

[5]   Plaintiff offers no authority or legislative history analysis in support of her arguments relating to the rationale underlying Pennsylvania's tolling statute.  At the hearing, plaintiff's counsel asserted that the policies and interests of Pennsylvania were apparent from the face of the statute.

9

procedures.

However, even if Pennsylvania has an interest in the application of its Tolling Statute to plaintiff's claims,[6] California also has a clear interest in applying its own laws to these claims. "Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost." Ashland, 129 Cal. App. 3d at 794. Further, the Ninth Circuit has explicitly stated that in light of the purposes served by California's statute of limitations, the governmental interest approach ordinarily leads to the application of California law, "subject to rare exceptions." Deutsch, 324 F.3d at 716-17.

Plaintiff has offered no support to substantiate a claim that her case is such a "rare exception." Plaintiff fails to cite any authority where a forum state's statute of limitations was set aside based upon a foreign state's tolling statute. Plaintiff has cited various statutes from states which have enacted measures tolling limitations periods on actions brought

---

[6] California courts have not hesitated to conclude that California is the only interested state where, as here, California is the forum and the sole defendant is a California resident. See Ashland, 129 Cal. App. 3d at 794 (holding that Kentucky did not have an interest in having its statute of limitations applied because there were no Kentucky defendants and Kentucky was not the forum); see also Am. Bank of Commerce v. Corondoni, 169 Cal. App. 3d 368, 373 (1985) (holding that New Mexico did not have an interest in having its statute of limitations applied because the defendant was not a New Mexico resident and where New Mexico subsequently amended its limitations period). As such, these courts have found that there was no "true conflict" present. However, for the sake of completeness, the court will accept plaintiff's argument that Pennsylvania has an interest in the application of its statute of limitations to protect its liquidation procedures.

10

by insurance company liquidators. (Pl.'s Opp'n at 17 & n.10). However, California has *not* enacted such legislation. Plaintiff also cites the Ninth Circuit's decision in <u>Hawthorne Savings F.S.B. v. Reliance Insurance Company</u>,[7] 421 F.3d 835, 852-54 (9th Cir. 2005), for the proposition that Pennsylvania is a "reciprocal state" under the terms of the Uniform Insurers Liquidation Act ("UILA"), Cal. Ins. Code §§ 1064.1-.12. However, the UILA, as enacted in California, specifies that an out of state insurance company's receiver may sue in California to recover assets it is entitled to "under the laws of this state" – the laws of California include its statutes of limitation. Cal. Ins. Code § 1064.10 (West 2006).

In this case, defendant is a California resident being sued in a federal district court in California under diversity jurisdiction. Applying California's statute of limitations would advance its underlying policies of protecting the state's residents and courts from the burdens associated with the prosecution of stale cases. <u>See</u> <u>Ashland</u>, 129 Cal. App. 3d 790. California's "interest in regulating the work load of its courts and determining when a claim is too stale to be adjudicated certainly suffices to give it legislative jurisdiction to control the remedies available in its courts by imposing statutes of

---

[7] Plaintiff also cites <u>Hawthorne</u> for her broader argument that the court should consider the substantial interests of Pennsylvania in regulating its own liquidation processes. (Pl.'s Opp'n at 17 n.9). However, in <u>Hawthorne</u>, the court found that although Pennsylvania is a reciprocal state under the UILA, this status would not preclude a California state court from proceeding to decide the merits of the dispute. 421 F.3d at 855-56. As such, the Ninth Circuit recognized the limits of Pennsylvania's interest in protecting its liquidation procedures relative to other rights and interests under California law.

11

limitations." <u>Sun Oil Co. v. Wortman</u>, 486 U.S. 717, 730 (1988). Even if Pennsylvania has an interest in the application of its tolling statute, California's strong interest in applying its own law when its statute of limitations is shorter that of the foreign state outweighs such an interest.  <u>See</u> <u>Deutsch</u>, 324 F.3d at 717.  As such, plaintiff's claims are analyzed under the California state of limitations, and are therefore, untimely.

**CONCLUSION**

For the foregoing reasons, defendant WCA's motion for summary judgment is GRANTED.  The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: October 30, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE